# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **CORNERSTONE GROUP ARCHITECTS LLP,** *Plaintiff* § § § § | |
| v. § | No. 1:23-CV-00554-DAE |
| **DAGER CONSTRUCTION, INC., ET AL.,** *Defendants* § § § § § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE DAVID A. EZRA
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Defendants Chelsey Dager, Ronald Dager, Jr., and Dager Construction, Inc.'s ("Defendants") motion for attorneys' fees, Dkt. 39. The District Judge referred the motion to the undersigned for report and recommendation. After considering the filings and the relevant law, the undersigned recommends that the District Judge deny the motion.

## I.   BACKGROUND

Plaintiff Cornerstone Group Architects, LLP ("Cornerstone") sued Defendants under the Copyright Act, 17 U.S.C. § 101, et seq., alleging that Defendants infringed Cornerstone's copyright rights to a home-construction plan. Dkt. 31, at 5. Defendants moved to dismiss the case for lack of personal jurisdiction, Dkt. 17; Cornerstone amended its complaint, Dkt. 31; then the Defendant moved to dismiss Cornerstone's amended complaint, arguing the amendments still did not cure the jurisdictional

1

defects identified in Defendants' first motion, Dkt. 32. The District Judge agreed and granted the motion "without prejudice as to refiling in an appropriate court with proper jurisdiction over the Defendants." Dkt. 38, at 11. Defendants now move for attorneys' fees, arguing that they are entitled to fees as "prevailing parties" pursuant to § 505 of the Copyright Act. Dkt. 39, at 2. Cornerstone responds that Defendants are not entitled to attorneys' fees because they "did not prevail on the merits" and cannot show that Cornerstone's lawsuit and choice of venue were "objectively unreasonable." Dkt. 40, at 3.

## II.   DISCUSSION

In copyright cases, courts have discretion to "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Defendants' ability to recover fees here turns on whether, under the Copyright Act, a defendant who prevails on a motion to dismiss for lack of jurisdiction—but where the case is dismissed without prejudice—is a "prevailing party." *See id.*

Courts interpret the term "prevailing party" consistently across federal statutes, including the Copyright Act. *Dunster Live, LLC v. LoneStar Lagos Mgmt. Co.*, 908 F.3d 948, 952 (5th Cir. 2018). Generally, the prevailing party is "one who has been awarded some relief by the Court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). The "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016) (internal quotation marks and citation omitted). While a defendant "need not obtain a

favorable judgment on the merits in order to be a 'prevailing party,'" *see id.* at 431, the Fifth Circuit has held that a "dismissal without prejudice means no one has prevailed; the litigation is just postponed with the possibility of the winner being decided at a later time in a new arena." *Dunster*, 908 F.3d at 951 (collecting cases). This is because "a dismissal that allows for refiling does not result in a 'material alteration of the legal relationship of the parties.'" *Id.* (citing *Buckhannon*, 532 U.S. at 604). Thus, a defendant is not a prevailing party when the plaintiff's claims are dismissed without prejudice. *Id.* This is true even in the context of a dismissal for lack of jurisdiction, where the plaintiff must re-file in a different, appropriate court. *Id.* at 950, 953.

Defendants here are not a "prevailing party." The District Judge dismissed Cornerstone's action against Defendants "without prejudice," specifically noting that while they could not refile in the Western District of Texas, Cornerstone *could* (and apparently intends to) refile in a court with personal jurisdiction over Defendants. Dkts. 38, at 1-2 (dismissing the case without prejudice); 39, at 8 (asserting that "Plaintiff will simply refile and pursue remedies" in Florida). The undersigned therefore finds that no one has prevailed in this action, and the legal relationship between the parties has not been materially altered. *See Dunster*, 908 F.3d at 951; *CRST*, 578 U.S. at 422. The District Judge left open the possibility that the winner will be decided "at a later time in a new arena." *Dunster*, 908 F.3d at 951. Accordingly, Defendants are not "prevailing parties" and should not recover fees in this action. *See Scoots Smashburgers Inc. v. Young*, No. 7:23-cv-00026-O, 2024 WL 3745658, at *3

3

(N.D. Tex. June 24, 2024), *report and recommendation adopted*, 2024 WL 3748031 (N.D. Tex. Aug. 9, 2024) (finding that defendants were not entitled to fees for copyright claims dismissed without prejudice); *Intell. Tech LLC v. Zebra Techs. Corp.*, No. 6:19-cv-00628-ADA, 2022 WL 3088572, at *5 (W.D. Tex. Aug. 3, 2022) (concluding that the moving party was not entitled to attorneys' fees where the nonmoving party's claims were dismissed without prejudice for lack of standing).

### III.   RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** Defendants' motion for attorneys' fees, Dkt. 39.

The referral of this case to the Magistrate Judge should now be canceled.

### IV.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 8, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE