IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CORNERSTONE GROUP ARCHITECTS LLP, *Plaintiff*, | § § § § | |
| v. | § § | No. 1:23-CV-554-DAE |
| DAGER CONSTRUCTION, INC., ET AL., *Defendants*. | § § § § | |

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES

Before the Court is a Report and Recommendation (the "Report") of U.S. Magistrate Judge Dustin M. Howell, issued on April 8, 2025. (Dkt. # 42.)  The Court finds this matter suitable for disposition without a hearing.  After careful consideration and review, the Court **ADOPTS** the Report (Id.) and **DENIES** Defendant's Motion for Attorney Fees Pursuant to 17 U.S.C. § 505 of the Copyright Act (Dkt. # 39) for the reasons that follow.

BACKGROUND

On May 18, 2023, Cornerstone Group Architects LLP ("Cornerstone") filed its complaint for copyright infringement against Chelsey Dager, Ronald Dager, Jr, and Dager Construction, Inc., ("Defendants") (Dkt. # 1.)  On March 21, 2024, this Court granted Defendants' Motion to Dismiss for

1

Lack of Personal Jurisdiction, granting leave to amend. (Dkt. # 30.) On April 18, 2024, Plaintiff filed its Amended Complaint. (Dkt. # 31.) In response, on May 2, 2024, Defendants moved to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction. (Dkt. # 32.) On October 17, 2024, the Court granted Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, without prejudice to refiling in the proper jurisdiction. (Dkt. # 38.)

Defendant filed the pending Motion for Attorney's Fees on October 31, 2024 (Dkt. # 39), which this Court referred to Magistrate Judge Dustin M. Howell for a Report and Recommendation. Defendants argue they are entitled to attorney's fees as "prevailing parties" pursuant to § 505 of the Copyright Act. (Id. at 2.) On November 12, 2024, Plaintiff responded to the motion arguing: (1) 17 U.S.C. § 505 is inapplicable because defendants did not prevail on the merits; (2) Plaintiff's claim is not "objectively unreasonable" because Defendants cannot cite case law or facts to support a finding of objective unreasonableness concerning the claims in the lawsuit; and (3) Plaintiff's decision to withhold documents in lieu of formal discovery was appropriate and reasonable because Plaintiff was under no legal obligation to provide documentation and engage in premature discovery. (Dkt. # 40 at 4–7.)

On November 19, 2024, Defendants filed their Reply to Plaintiff's response. (Dkt. # 41.) Defendants argue the Court may award costs as well as

2

reasonable attorney's fees to the prevailing party because procedural determinations, substantive determinations, or a disposition on the merits have been held as sufficient to deem a defendant a prevailing party. (Dkt. # 41 at 2.) On April 8, 2025, Magistrate Judge Dustin M. Howell issued the Report, recommending the Court deny the Motion for Attorney's Fees. (Dkt. # 42.) Neither party filed objections.

## ANALYSIS

Where, as here, neither party objects to the Magistrate Judge's findings, the Court reviews the Report and Recommendation for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

After careful consideration, the Court adopts the Magistrate Judge's Report. Under 17 U.S.C. § 505, "in any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

Generally, federal fee statutes permit a court to award fees only to a prevailing party. Dunster Live, LLC v. Lonestar Logos Mgmt. Co., LLC, 908 F.3d 948, 951 (5th Cir. 2018) (citing Buckhannon Bd. and Care Home, Inc. v. W.V. Dept. of Health and Human Res., 532 U.S. 598, 602–03 (2001). Whether or not a

3

party is entitled to attorney fees is based on whether the party seeking fees has prevailed in litigation. CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419, 422 (2016). The prevailing party inquiry must include the material alteration of the legal relationship of the parties. See id. However, the Supreme Court has held that a dismissal that allows for refiling does not result in a "material alteration of the legal relationship of the parties." Buckhannon, 532 U.S. at 604. Further, the Fifth Circuit has made clear that "a dismissal without prejudice . . . does not make any party a prevailing one." Dunster, 908 F.3d at 951.

This Court agrees with the Report that Defendants are not prevailing parties because the Court dismissed Cornerstone's action against Defendants "without prejudice," specifically noting that Cornerstone still refile its claim in an appropriate court with proper jurisdiction against Defendants. (Dkt. # 38 at 11.) The Court therefore finds that no material alteration of a legal relationship has occurred, such that Defendants are a "prevailing party." The dismissal for lack of personal jurisdiction in this case, without prejudice, still permits Cornerstone to refile their claim. Accordingly, the Court finds that the Magistrate Judge's conclusions are correct and neither erroneous nor contrary to law. Accordingly, the Motion for Attorney's Fees is **DENIED.**

CONCLUSION

For the reasons stated above, the Court **ADOPTS** U.S. Magistrate Judge Dustin M. Howell's Report and Recommendation in full as the opinion of this Court. (Dkt. # 42.) The Application for Attorneys' Fees is **DENIED**. (Dkt. # 39.)

**IT IS SO ORDERED.**

**SIGNED**: Austin, Texas, June 5, 2025.

_____
David Alan Ezra
Senior United States District Judge